**FILED & ENTERED**

MAY 07 2020

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** gooch    **DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>WAYNE GRANTHAM and<br>LANAE GRANTHAM,<br><br>               Debtors. | Case No.: 6:20-bk-11740-WJ<br><br>CHAPTER 7<br><br>**MEMORANDUM OF DECISION REGARDING DISMISSAL OF THE CASE FOR FAILURE TO OBTAIN CREDIT COUNSELING** |

## I. INTRODUCTION.

The debtors, Wayne and Lanae Grantham ("Debtors"), filed this chapter 7 case and one of them (Lanae Grantham) did not obtain credit counseling prior to filing the case. As a result, hearings are currently scheduled for May 13, 2020 at 10:30 a.m. regarding (1) the motion of the debtors to excuse the requirement to obtain credit counseling as to Mrs. Grantham [docket #10] ("Excusal Motion") and (2) the order of this Court to show cause regarding why the case should not be dismissed for failure to obtain credit counseling ("OSC"). Neither of the debtors has filed opposition to the OSC and the deadline to do so has passed. Therefore, having reviewed the case, the Excusal Motion and the OSC, the Court hereby finds that no oral argument is necessary and, pursuant to Rule 9013-1(j)(3) of the Local Bankruptcy Rules, the Court hereby takes off calendar the hearing and waives appearances. No hearings shall occur.

For the following reasons, the Court shall dismiss the case as to Lanae Grantham only.

## II. JURISDICTION

The bankruptcy court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(b) and 1334(b). The Excusal Motion and the OSC are core proceedings pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (L). Venue is appropriate in this Court. 28 U.S.C. § 1409(a).

With respect to the OSC, case authority provides that a bankruptcy court can dismiss a bankruptcy case sua sponte when a debtor is ineligible for bankruptcy relief due to a failure to obtain pre-petition counseling. Gibson v. Dockery (In re Gibson), 2011 Bankr. LEXIS 5084, *14 (9th Cir. BAP 2011) (finding that a bankruptcy court can dismiss a case sua sponte when a debtor fails to obtain pre-petition counseling and stating that the "bankruptcy court's sua sponte order dismissing Debtor's bankruptcy case without prior notice or an opportunity to be heard was appropriate."). The Court entered the OSC on April 3, 2020 and set a hearing regarding the matter for May 13, 2020. The OSC set a deadline of April 29, 2020 for the Debtors to file and serve any opposition to the OSC. No opposition was filed and the deadline has passed.

### III.  PRE-PETITION CREDIT COUNSELING IS REQUIRED.

A.   **Applicable Legal Standard.**

When the Debtors commenced this bankruptcy case, Mr. Grantham filed a certificate of credit counseling but Mrs. Grantham did not. Instead, the Debtors filed the Excusal Motion seeking an order excusing Mrs. Grantham from obtaining credit counseling.[1] However, applicable law does not provide for an exemption under the circumstances in this case.

Section 109(h)(1) of the Bankruptcy Code provides that no individual may file a bankruptcy case unless that individual has received credit counseling from an approved agency during the 180-day period prior to filing the petition. The credit counseling may be conducted in person, by telephone or internet. 11 U.S.C. § 109(h)(1). Congress wants debtors to receive credit counseling as a condition for bankruptcy relief "so that they will make an informed choice about bankruptcy, its alternatives, and consequences." H.R. Rep. No. 109-31 at 2 (2005), U.S. Code Cong. & Admin. News 2005. With respect to the latter, there are many significant consequences

---

[1] In addition to asking for a waiver of the credit counseling requirement for Mrs. Grantham, the Excusal Motion also appears to ask for some other form of relief. The caption of the Excusal Motion also includes the following phrase: "Motion to Extend Filing Date of 3/16/2020 of the Pre-Filing Credit Counseling Certificate." Similar language appears in section II of the Excusal Motion from page 2, line 19 of the motion to page 3, line 2. The language in both locations is somewhat cryptic, but the Court may be able to interpolate the request as follows.

When Mrs. Grantham did not file a certificate of credit counseling on the petition date (but Mr. Grantham did), the clerk of the court issued a deficiency notice which gave her until March 16, 2020 to file the credit counseling certificate. See docket #5. It seems most likely that the cryptic language in the Excusal Motion is designed to extend the March 16th deadline until the hearing regarding the Excusal Motion. The language on page 2, lines 22-24 seem to indicate this is the relief requested. If this is the additional relief requested, then it is no longer necessary because the case was not dismissed on March 16th and will not be dismissed until entry of the order that accompanies this memorandum of decision. As a result, if this is the nature of the relief requested, it is moot.

If, on the other hand, the cryptic language requests an opportunity for Mrs. Grantham to obtain credit counseling post-petition and then file a certificate post-petition, that request is denied. Courts have held that if debtors obtain the counseling post-petition but not pre-petition, the cases must be dismissed. See, e.g., Gibson v. Dockery (In re Gibson), 2011 Bankr. LEXIS 5084, *14 (9th Cir. BAP 2011) ("Debtor did not obtain credit counseling during the 180 days prior to filing her petition. While she completed counseling a few days later, she did not request nor secure bankruptcy court approval to do so post-petition due to any exigent circumstances, nor did she seek an exemption from the counseling requirement under one of the other § 109(h) exceptions. Because Debtor did not comply with the § 109(h) pre-bankruptcy credit counseling requirement, Congress has decreed that she was not eligible to be a chapter 13 debtor, and dismissal of her case by the bankruptcy court was appropriate."); In re Ramey, 558 B.R. 160, 163 (6th Cir. BAP 2016) (affirming dismissal of a chapter 13 case in which a debtor took the credit counseling post-petition and stating that the Bankruptcy Code specifically requires "all individual debtors to complete a pre-petition credit briefing."); Echeverry v. Weiner (In re Echeverry), 720 Fed. Appx. 598, n.1 (11th Cir. 2018) (affirming dismissal of a chapter 13 case in which a debtor, among other things, took the credit counseling post-petition and stating that in failing to take the counseling pre-petition the debtor "failed to comply with the Bankruptcy Code's plain language requirement that a debtor complete the counseling prior to the filing of the case.").

of filing a bankruptcy case including a substantial negative impact on the debtor's credit rating. Given the sometimes harsh results of filing for bankruptcy, Congress not only requires pre-petition counseling but also requires financial management training after filing for bankruptcy so that the debtor "can avoid future financial difficulties." Id. at 18. These requirements, which Congress has deemed to be critical, are intended to ensure that debtors have at least a modicum of information from which they can make an informed decision regarding filing for bankruptcy relief. As one bankruptcy court has stated:

> "One of the watermark provisions of this much heralded legislation, which took several years to enact, is the credit counseling requirement of 11 U.S.C. § 109(h). Credit counseling was a significant aspect of the new bankruptcy legislation because the requirement was intended to provide debtors with education as to all of their options when experiencing financial difficulty, before a resort to bankruptcy protection was necessary. Congress envisioned that credit counseling would provide individuals with the skills necessary to lead financially responsible lives."

In re Elmendorf, 345 B.R. 486, 490 (Bankr. S.D.N.Y. 2005).

In light of these policy goals, Congress enacted section 109(h) which requires credit counseling prior to filing bankruptcy. The statute is clear. Obtaining credit counseling pre-petition is mandatory and the vast majority of published cases conclude that a bankruptcy case must be dismissed when a debtor fails to obtain pre-petition counseling. Gibson v. Dockery (In re Gibson), 2011 Bankr. LEXIS 5084, *14 (9th Cir. BAP 2011) ("Debtor did not obtain credit counseling during the 180 days prior to filing her petition. While she completed counseling a few days later, she did not request nor secure bankruptcy court approval to do so post-petition due to any exigent circumstances, nor did she seek an exemption from the counseling requirement under one of the other § 109(h) exceptions. Because Debtor did not comply with the § 109(h) pre-bankruptcy credit counseling requirement, Congress has decreed that she was not eligible to be a chapter 13 debtor, and dismissal of her case by the bankruptcy court was appropriate."); In re Alvarado, 496 B.R. 200, 2010 (N.D. Cal. 2013) ("The court concludes as a matter of law that failure to comply with the credit counseling requirement under section 109(h) establishes cause for dismissal . . . ."); In re Ramey, 558 B.R. 160, 163 (6th Cir. BAP 2016)

(affirming dismissal of a chapter 13 case in which a debtor took the credit counseling post-petition and stating that the Bankruptcy Code specifically requires "all individual debtors to complete a pre-petition credit briefing."); <u>Echeverry v. Weiner (In re Echeverry)</u>, 720 Fed. Appx. 598, n.1 (11th Cir. 2018) (affirming dismissal of a chapter 13 case in which a debtor, among other things, took the credit counseling post-petition and stating that in failing to take the counseling pre-petition the debtor "failed to comply with the Bankruptcy Code's plain language requirement that a debtor complete the counseling prior to the filing of the case."); <u>In re Elmendorf</u>, 345 B.R. 486, 495 (Bankr. S.D.N.Y. 2005) ("Section 109(h) has been strictly construed by courts, and all courts that have decided the issue have stated that a debtor that does not receive credit-counseling prior to filing for bankruptcy relief, or seek and receive an "extension" pursuant to 11 U.S.C. § 109(h)(3), is ineligible to be a debtor."); <u>In re Alexander</u>, 432 B.R. 41, 44 (Bankr. N.D.N.Y. 2010) (denying a request to waive pre-petition counseling and stating: "Bankruptcy Courts have rarely granted debtor permanent exemptions, and those that have done so have generally reserved such relief for debtors who are severely impaired."); <u>Hedquist v. Fokkena (In re Hedquist)</u>, 342 B.R. 295, 300-301 (8th Cir. BAP 2006) (affirming dismissal of a bankruptcy case in which the debtors did not obtain pre-petition counseling and stating that "the new requirements in section 109(h) . . . are mandatory" and, therefore, bankruptcy courts "have no discretion but to dismiss the case" when debtors fail to obtain pre-petition counseling); <u>Dixon v. LaBarge (In re Dixon)</u>, 338 B.R. 383 (8th Cir. BAP 2006) (affirming dismissal of a bankruptcy case in which the debtor did not obtain pre-petition counseling); <u>In re Cleaver</u>, 333 B.R. 430 (Bankr. S.D.Ohio 2005) (dismissing a bankruptcy when the debtor failed to obtain credit counseling pre-petition and proposed to obtain the counseling post-petition); <u>In re Sosa</u>, 336 B.R. 113 (Bankr. W.D.Tex. 2005) (dismissing a bankruptcy case when the debtors failed to obtain credit counseling pre-petition while severely criticizing the statute and Congress); <u>In re Mingueta</u>, 338 B.R. 833, 838 (Bankr. C.D. Cal. 2006) (dismissing a bankruptcy case when the debtors failed to obtain credit counseling and stating that "[a]bsent strict compliance with § 109(h), individual debtors are ineligible for bankruptcy relief."); <u>In re Seaman</u>, 340 B.R. 698, 706 n.3 (Bankr. E.D.N.Y. 2006) (dismissing a case in which the

debtor failed to obtain pre-petition counseling and citing dozens of cases in support and stating that "[t]his Court also notes that of the thirty-four decisions addressing ineligibility under Section 109(h) to date, thirty-one have resulted in dismissal.").[2]

While most courts have followed the statute and dismissed cases without expressing any disapproval of the law, other courts have expressed disagreement with the statute even while following it. See, e.g., In re Elmendorf, 345 B.R. 486, 490 (Bankr. S.D.N.Y. 2005) ("Congress envisioned that credit counseling would provide individuals with the skills necessary to lead financially responsible lives.  This facially well-intentioned section of the BAPCPA has evolved into an expensive, draconian gate-keeping requirement that has prevented many deserving individuals from qualifying for bankruptcy relief.  The credit counseling requirement has not proven to be of assistance to debtors in seeking relief outside of the bankruptcy context . . . The requirement that a debtor seek 'credit counseling' before being eligible for bankruptcy relief is quickly becoming the most outrageous fleecing of consumer debtors in this Court's memory -- a perfunctory exercise with little or no substance which leaves a putative debtor $50-$100 the poorer."); In re Sosa, 336 B.R. 113 (Bankr. W.D.Tex. 2005) (dismissing a bankruptcy case as to both debtors who failed to obtain credit counseling pre-petition – even though one did so post-petition – but referring to the statute as "inane" and other comparable descriptions).

Other courts have noted that it is for Congress, not the courts, to resolve public policy debates about credit counseling. In re Ramey, 558 B.R. 160, 164 (6th Cir. BAP 2016) ("Finally, Ramey raises policy arguments relating to the credit briefing requirement.  These arguments appear to include whether incapacity and disability are reasonably defined, whether waivers

---

[2] The courts have also dismissed bankruptcy cases even when debtors do obtain the necessary financial counseling pre-petition but more than 180 days prior to the filing of the bankruptcy case. In re Alvarado, 496 B.R. 200, 2010 (N.D. Cal. 2013) (affirming the dismissal of two bankruptcy cases because the debtors obtained their pre-petition counseling 224 and 235 prior to the petition date); In re Ruckdaschel, 364 B.R. 724, 734 (Bankr. D.Idaho 2007) ("Because Debtors' credit counseling was received 187 days prior to filing their bankruptcy petition, and not within the 180 days as required by § 109(h)(1), Debtors are not eligible for bankruptcy relief.  None of the enumerated exceptions to the requirements that timely credit counseling be received apply in this case, and the Code does not allow the Court any discretion to take into account Debtors' individual circumstances."); In re Williams, 359 B.R. 590 (Bankr. E.D.N.C. 2007) (case dismissed because credit counseling was obtained 182 days prior to filing); In re Giles, 361 B.R. 212 (Bankr. D. Utah 2007) (case dismissed because credit counseling was obtained 182 days prior to filing); In re Jones, 352 B.R. 813 (Bankr. S.D. Tex. 2006) (case dismissed because credit counseling was obtained 190 days prior to filing).

should generally be more available and easier to obtain, and whether the credit briefing is of any help to debtors.  Ramey is not the first, and likely not the last, to raise arguments of this nature.  However, such policy arguments are for Congress to address, not the courts.  The bankruptcy court can only apply the statute as it is plainly written."); In re Alexander, 432 B.R. 41, 46 (Bankr. N.D.N.Y. 2010) (denying a request to waive pre-petition counseling for an incarcerated debtor and stating: "There can be no doubt that Congress, in enacting BAPCPA, intended to limit the degree of discretion and judicial flexibility from the law previously exercised by bankruptcy courts.  It is for Congress, therefore, to remedy the apparent disadvantage faced by prisoners who find it impossible to comply with 11 U.S.C. § 109(h) because of their lack of personal autonomy and access to credit counseling agencies during their period of incarceration." (citation omitted).)

**B.    Exemptions from Credit Counseling.**

While credit counseling is mandatory, Congress has created limited exceptions.  Section 109(h)(3) provides a temporary exemption of up to thirty days if the debtor can show exigent circumstances meriting a waiver and that the debtor requested credit counseling but could not obtain it within seven days of the request.  In addition, section 109(h)(4) exempts from credit counseling a debtor whom the court determines is unable to complete it due to incapacity or disability.  Incapacity is defined in the statute as follows:

> The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone.  <u>For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and 'disability' means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1)</u>.

11 U.S.C. § 109(h)(4) (emphasis added).

      The language of the statute clearly describes the applicable legal standard. A person requesting an exemption of the credit counseling requirement due to "mental illness or mental deficiency" must demonstrate that he or she "is incapable of realizing or making rational decisions with respect to his financial responsibilities . . . ." Likewise, a person asserting a physical disability must demonstrate the person is "so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or internet briefing . . . ."

      Bankruptcy courts have consistently concluded that this language is unambiguous and can be interpreted pursuant to its plain meaning. In re Alexander, 432 B.R. 41, 44 (Bankr. N.D.N.Y. 2010) (denying a request to waive pre-petition counseling and stating: "the text of 11 U.S.C. § 109(h) is susceptible to plain meaning analysis. The Court is not left to decipher or guess about congressional intent where the statute specifically defines material terms.").

      The courts have also held that in most cases requests for exemptions are denied because the legal standard for obtaining an exemption is "very high".[3] Under the plain language of the statute, credit counseling is required even if it is "difficult" for the debtor.[4] Instead, exemptions are only permitted when the debtor is "unable" to participate by "person, telephone, or internet . . . ." 11 U.S.C. § 109(h)(4). Receiving an exemption, therefore, requires the debtor to clear a high bar – a total physical or mental disability – and courts have been reluctant to grant exemptions without strong evidence.

---

[3] In re Tulper, 345 B.R. 322, 326 (Bankr. D. Colo. 2006) (stating that exemptions under section 109(h)(4) are "only available under limited circumstances" because the statute "is rigid in setting the bar for the granting of the exemption very high."); In re Smith, 2007 Bankr. LEXIS 4026 *3 (Bankr. D.S.C. 2007) (denying a request to waive pre-petition counseling by a debtor who asserted physical disability and stating that while "the purpose of the exemption is to relieve debtors who would not or cannot benefit from a credit counseling session from the requirement, the standard for relief is high. The debtor must be unable to participate in the briefing, whether in person, by telephone, or internet connection.").

[4] Smith, 2007 Bankr. LEXIS 4026 at *5 ("It may even suggest that receiving a credit counseling briefing would be difficult for Debtor."); In re Ferrell, 391 B.R. 292, 294 (Bankr. S.D.S.C. 2008) (stating that the "evidence presented supports Debtors' contention that they suffer from medical conditions that certainly may make it difficult for them to obtain the financial management course in person; however, no evidence was presented that their medical conditions are so severe as to render Debtors unable to participate in a telephone or Internet financial management course.").

**C.    The Exception In Section 109(h)(4) is Not Applicable In This Case.**

In this case, the Debtors have not presented sufficient evidence to demonstrate that Mrs. Grantham is so severely handicapped, either mentally or physically, that she is unable to participate in credit counseling.  The Excusal Motion is quite brief and does not cite any case authority.  Although not entirely clear, the very brief motion seems to argue that Mrs. Grantham is both mentally impaired and physically disabled.  Some portions of the motion seem to contend that Mrs. Grantham should be granted an exemption based on both mental impairment and physical disability.  But the evidence on these issues does not satisfy the statute.

With respect to mental impairment, the statute provides for an exemption from credit counseling when a "debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities . . . ." 11 U.S.C. § 109(h)(4).  However, nothing in the motion or the declaration suggests Mrs. Grantham has reached this point.  While she does wrestle with fatigue and concentrating "sometimes", nothing in the motion suggests she has lost her ability to think and reason rationally with respect to financial responsibilities or anything else.  She seems cogent and rational in her declaration.

With respect to physical impairment, section 109(h)(4) allows an exemption when "the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing . . . ."  Again, the evidence submitted in support of the motion does not reach this level.  Specifically, the motion indicates that Mrs. Grantham is currently undergoing chemotherapy in her fight against breast cancer.  In her declaration she states that she is unable to complete online or telephone credit counseling because she experiences severe bone pain, fatigue, and nausea.  However, the note from her doctor (which is attached to her declaration) does not state that Mrs. Grantham cannot participate in credit counseling by phone or by computer.  Rather, the note from her doctor asks that Mrs. Grantham be excused from "any court appearance."  This limitation does not prevent telephone calls or using a computer.  In that regard, Mrs. Grantham does not state in her declaration that she has discontinued using telephones or computers.

Also, the Debtors have not cited any case authority in support of their request. The Court, however, has reviewed quite a number of decisions. Overall, they tend to indicate that section 109(h)(4) does not apply to Mrs. Grantham's situation.

For example, in In re Ramey, 558 B.R. 160, 163-4 (6th Cir. BAP 2016), the debtor filed a chapter 7 case pro se along with a motion for waiver of the prepetition credit counseling requirement (requesting both the temporary and permanent) and did not file the credit counseling certificate. The debtor asserted serious medical issues but the court still dismissed the case. The appellate court affirmed the dismissal and concluded that the medical issues did not satisfy the waiver criteria explicitly laid out by Congress.

Likewise, in the case of In re Middleton, 2010 Bankr. LEXIS 4631 (Bankr. D.S.C. 2010), a debtor filed a chapter 7 bankruptcy case and requested a waiver of the requirement for pre-petition counseling based on considerable physical problems. The debtor had apparently been found to be disabled by the Social Security Administration based on the following issues:

> The decision of the SSA found that the Debtor has not engaged in substantial gainful activity since October 26, 2006. Further, the SSA concluded that Debtor is severely impaired with osteoarthritis and diabetic neuropathy. Debtor has a history of osteoarthritis in the lumbar and cervical spine and had total knee replacement secondary to osteonecrosis of the right patella. Additionally Debtor's doctor stated to the SSA that Debtor is unable to lift five pounds on a repetitive basis because of weakness in her hands from carpal tunnel and pains in her knees. Debtor is unable to sit for six hours in a normal position and cannot stand for two hours. Due to the total knee replacement, Debtor cannot walk short distances due to pain. Debtor also has fibromyalgia and major depression.

Id. at *2.

Despite these challenges, the court denied the request to waive prepetition counseling. The court stated that "[d]isability for the purposes of § 109(h)(4) requires more than mere physical impairment, rather there must be no ability to obtain a meaningful briefing." Id. *3. In Middleton, the court concluded that while the debtor "is disabled for the purposes of receiving Social Security Disability benefits", the decision of the Social Security Administration and the "Debtor's medical records do not demonstrate a physical disability so severe as to render Debtor unable to participate

- 10 -

in a pre-petition credit counseling briefing." Id. *4.

Although comparisons can be imperfect and hard to make with great precision, the disabilities articulated by the court in Middleton seem more severe than the physical challenges faced by Mrs. Grantham. The evidence tends to indicate that Mrs. Grantham (like the debtor in Middleton) could participate in credit counseling by telephone or internet. To be sure, both debtors have significant challenges, but neither is unable to participate in credit counseling by phone or computer.

Similarly, in the case of In re Ferrell, 391 B.R. 292, 293 (Bankr. D.S.C. 2008), the debtors asserted they had physical disabilities which they argued were sufficient to warrant an exemption under section 109(h)(4). The debtors argued that "they are under such physical impairment as to be unable, after reasonable effort, to participate in an in-person, telephone or Internet version of the financial management course." Id. at 293. The court described the disabilities as follows:

> Debtors' counsel presented medical records confirming that Debtor Troy Hovis Ferrell, Jr., who is 68 years old, recently left a nursing home and suffers from heart problems, diabetes, and infections and that Debtor Rose Marie Ferrell, who is 58 years old, suffers from breast cancer. Debtors' counsel informed the Court that Debtors were not able to attend the hearing due to their medical conditions.

Notwithstanding these physical challenges, the court declined to grant an exemption. The court concluded that the disabilities described did not rise to the level that satisfied section 109(h)(4). The court held that the "evidence presented supports Debtors' contention that they suffer from medical conditions that certainly may make it difficult for them to obtain the financial management course in person; however, no evidence was presented that their medical conditions are so severe as to render Debtors unable to participate in a telephone or Internet financial management course." Id. at 294.

The Ferrell decision is the case most factually comparable because the physical disability of Mrs. Ferrell and Mrs. Grantham is the same: breast cancer.

1   Other cases also suggest that Mrs. Grantham's medical condition does not rise to the level
2   necessary in section 109(h)(4).  In <u>In re Souter</u>, 2010 Bankr. LEXIS 2158 (Bankr. N.D.Ind. 2010),
3   the bankruptcy court denied an exemption from credit counseling for the debtor despite being told
4   that the debtor resided in a nursing home and "is terminally ill, exhausted and cannot stay awake
5   for any length of time."  In <u>In re Stockwell</u>, 2006 Bankr. LEXIS 748, *1, *2 (Bankr. D.Vt. 2006),
6   the debtors filed a chapter 7 case and then submitted a motion requesting an exemption for one of
7   the debtors who was being treated for a brain tumor and had a hard time completing activities due
8   to the accompanying illnesses and medication.  The bankruptcy court reviewed the debtor's
9   medical report (in camera and not on the record) and denied the motion, finding insufficient
10  evidence. <u>Id</u>. at *5.

11  In contemplating Mrs. Grantham's situation, the Court notes that she testified on her own
12  behalf and brought the Excusal Motion herself (with the help of counsel).  In contrast, some courts
13  have granted a waiver when a co-debtor, relative, friend or some other witness testifies and
14  provides evidence that the debtor lacks mental acuity or is physically impaired. <u>See</u>, <u>e.g.</u>,
15  <u>In re Faircloth</u>, 2006 Bankr. LEXIS 3620 *2-3 (Bankr. M.D.N.C. 2006) ("At the hearing, Dwight
16  Faircloth, the Debtor's son, attorney in fact, and principal care giver, testified regarding the current
17  mental and physical condition of the Debtor.  The Debtor has been diagnosed with dementia, is
18  suffering from memory loss, and migrates in and out of a general state of confusion.  He testified
19  that the Debtor is capable of participating in short telephone conversations but is not capable of
20  fully comprehending such conversations.  The Debtor also submitted numerous records to
21  substantiate the Debtor's recent and lengthy hospital stays for a stoke [sic] and heart attack.").

22  Unlike in <u>Faircloth</u>, there is no evidence that Mrs. Grantham suffers from "dementia",
23  "memory loss" or "a general state of confusion".  Also, in contrast to <u>Faircloth</u>, Mrs. Grantham has
24  testified (in her declaration) on her own behalf in support of the Excusal Motion.  In doing so, she
25  has demonstrated mental acuity and awareness sufficient to support the motion.  She seems to
26  understand what she is doing and the Court can detect no lack of mental ability in the declaration
27  or the motion.  And if Mrs. Grantham can understand the motion, she can understand credit
28  counseling.

Likewise, Mrs. Grantham's situation is much different than a case like In re Powers, 2008 Bankr. LEXIS 5071 (Bankr. S.D.Ga. 2008). In Powers, the court granted an exemption under section 109(h)(4) because the debtor was involuntarily committed to an inpatient "treatment facility for schizophrenia and AIDS." Id. at *4. Also, in that case, the father of the debtor, not the debtor, made the request for the exemption under section 109(h)(4).

Another contrasting case is In re Tulper, 345 B.R. 322, 326 (Bankr. D. Colo. 2006). In Tulper, one debtor suffered from 97% hearing loss and had lost 40% of the use of his hands and feet. The other debtor was wheelchair bound, dependent on an oxygen compressor/ventilator, needed seventeen daily medications and suffered from "heart problems, extensive tremors, severe asthma, a bad lung, arthritis, a disintegrated spine (2 discs missing), and a plate in her right ankle." Id. at 324. Under these circumstances, the court granted the exemption from financial education.

### IV.  CONCLUSION.

In conclusion, the Court is truly sympathetic to Mrs. Grantham's plight. Her situation is quite challenging and the burdens she faces are considerable. The Court hopes and prays she recovers and heals completely.

When faced with hardship, sympathy and empathy can stir an impulse to bend rules or the law in favor of an afflicted person. But not only would that be unfaithful to the statute and the caselaw; but it also would be myopic. Bending the rules or not following the statute would harm Mrs. Grantham.

It is precisely because Mrs. Grantham is struggling with her health that she needs to make the best possible financial decisions at this time – especially if and when to file for bankruptcy. She needs excellent financial and legal advice now. For example, if she files for bankruptcy too soon, she could incur large medical costs post-petition that will not be dischargeable in this case or future cases filed within four to eight years. Such post-petition nondischargeable debts could weigh upon her very heavily for up to another eight years.

Congress has encouraged credit counseling to help people to "hopefully avoid future financial distress." In re Hall, 347 B.R. 532, 535 (Bankr. N.D. W.Va. 2006) (citing Report of the

Committee on the Judiciary, House of Representatives, to Accompany S. 256, H.R.Rep. No. 109-31, Pt. 1, 109th Cong., 1st Sess. (2005)).  This desire by Congress to enhance financial literacy is worthy.  Developing and maintaining financial health requires knowledge, wisdom, education and continuous effort which everyone needs (not just debtors).  Bankruptcy judges, court staff, lawyers, creditors and the public at large need regular financial literacy education.  Therefore, it makes sense for Congress to require a modest measure of credit counseling prior to one of the most significant financial decisions anyone ever makes: filing a bankruptcy case.  Professors, courts and policy makers can debate whether the current credit counseling courses can be improved or made more helpful but the idea of enhancing financial literacy pre-petition for everyone (and especially individuals on the cusp of insolvency and bankruptcy) should be a goal that all can support.

In any event, the statute is clear and the duty of the courts is to adhere to it.  In this instance, while Mrs. Grantham may be physically disabled to an extent that in-person credit counseling is not reasonable, there is no evidence to support the conclusion that she could not complete counseling by telephone or the internet using a computer.  Similarly, there is no evidence that Mrs. Grantham lacks cognitive understanding or the ability make rational financial decisions or to participate in telephonic or internet counseling.  She seems entirely rational.

Finally, the OSC is unopposed.  The Debtors never filed opposition or any response to the OSC.  As a result, there is no opposition to dismissal of the case as to Mrs. Grantham.

Accordingly, for the reasons stated, the Court shall enter a separate order (1) dismissing the case as to Mrs. Grantham only pursuant to the OSC and (2) denying the Excusal Motion.

IT IS SO ORDERED.

Date: May 7, 2020

_____
Wayne Johnson
United States Bankruptcy Judge